[Crim. No. 648.   Third Appellate District.—February 10, 1923.]

THE PEOPLE, Respondent, v. C. A. ANDERSON, Appellant.

[1] MEDICAL PRACTICE ACT—PRACTICE WITHOUT LICENSE—INFORMATION—EVIDENCE—SUFFICIENCY OF.—In this prosecution for practicing a system of treatment of the sick and afflicted without a license, the offense was sufficiently described in contemplation of section 17 of the State Medical Practice Act (Stats. 1917, p. 114), and the evidence was sufficient to justify a conviction.

APPEAL from a judgment of the Superior Court of Stanislaus County. L. W. Fulkerth, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. J. Maddux for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The case was on the January calendar for oral argument, but no one appeared to represent appellant. His counsel, however, had communicated with the clerk of this court asking a reasonable time in which to file a written argument. By an order of court he was granted ten days for that purpose. More than thirty days have expired and no brief has been filed. [1] However, we have examined the record and find no error therein. It was charged in the information that the defendant "on or about the fifth day of December, 1921 . . . did then and there willfully, wrongfully and unlawfully practice, attempt to practice and advertise and hold himself out as practicing a system or mode of treating the sick and afflicted in this state without having at the time of so doing a valid unrevoked certificate from the State Board of Medical Examiners of the State of California." The offense was sufficiently described in contemplation of section 17 of the State Medical Practice Act (Stats. 1917, p. 114), and the evidence was sufficient to justify the conviction. Indeed, at the time judgment was pronounced, the learned counsel for appellant admitted that his client had practiced his system of treatment without a license from the duly authorized authorities, but he claimed that said board of medical examiners had acted capriciously and arbitrarily in denying appellant a certificate. But if such consideration might be regarded in a proceeding of this kind it is sufficient to say that there was no evidence to that effect and such assertion did not, of course, afford any ground for setting aside the verdict. It is very true, as stated by the learned trial judge: "This court or no other court made the law. That is a matter, if the law is wrong, if it naturally creates a hardship upon a certain class of practitioners resort to the legislature or to the people is the only remedy; the courts cannot correct it. We are simply bound by the law and only perform our duty in accordance with the law as we find it."

We may say, in brief, that the defendant's rights were all safeguarded by the lower court, the trial was eminently

fair, the jury was fully and correctly instructed, and we discover no reason for interfering with the verdict.

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.